UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KIM LEO SYLVEST, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00203-JPH-MJD |
| ) | |
| MARION COUNTY SHERIFF'S DEPT., et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT, AUTHORIZING LIMITED
DISCOVERY, AND DIRECTING FURTHER PROCEEDINGS**

Kim Sylvest is an inmate at Putnamville Correctional Facility. Because Mr. Sylvest is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Sylvest's pro se complaint is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II. The Complaint

Mr. Sylvest's complaint arises from his arrest in Marion County in July 2018. He names three defendants, which he identifies as "Marion County Sheriff's Dept.," "Deputies," and "Marion County Corporation." The complaint is based on the following allegations.

On July 26, 2018, Marion County Sheriff's deputies arrested Mr. Sylvest and transported him to a booking station.  Deputies beat Mr. Sylvest. He was handcuffed and did not resist or otherwise provoke them. He suffered a broken leg, a brain injury, bruises, and scratches.

## III. Discussion of Claims

The allegations in Mr. Sylvest's complaint support a plausible claim that the officers who beat him violated his Fourth Amendment rights. However, the complaint may not proceed in its current form because Mr. Sylvest has not named a proper defendant for those claims.

Municipal entities such as the Sheriff's Department and the County "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005–1006 (7th Cir. 2017). Rather, they may only "be held liable for unconstitutional municipal policies or customs." *Id.* at 1006 (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). No allegations in the complaint suggest that deputies beat Mr. Sylvest as a product of a Department or County policy. Accordingly, claims against the Marion County Sheriff's Department and Marion County Corporation are **dismissed** for **failure to state a claim** upon which relief may be granted.

Mr. Sylvest asserts claims against "Deputies" generally. However, "it is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*,

128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Accordingly, claims against "Deputies" are **dismissed** for **failure to state a claim** upon which relief may be granted.

### IV. Dismissal of Complaint and Further Proceedings

For the reasons discussed in Part III, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted. However, the Court will allow Mr. Sylvest a period of time to conduct discovery to identify individuals who may be proper defendants to his Fourth Amendment force claims. Accordingly:

a) The **clerk is directed** to update the docket to reflect that the Marion County Sheriff is now an **interested party**.

b) Process shall issue to the Sheriff, in his official capacity only, for the purpose of permitting him to appear in the action and respond to discovery requests regarding the identities and locations of defendants. The Sheriff need not answer the complaint.

c) The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the Sheriff in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

d) Mr. Sylvest may serve discovery requests to the Sheriff for the limited purpose of identifying and locating defendants.

e) Mr. Sylvest shall have **through October 23, 2020**, to file an amended complaint that resolves the deficiencies discussed in this Order. Failure to do so in the time provided may result in the dismissal of this action without further warning or opportunity to show cause.

f) Mr. Sylvest's amended complaint must include the case number associated with this action, no. 2:20-cv-00203-JPH-MJD. It will completely replace the original complaint, and it will be screened pursuant to § 1915A(b), so it must include all defendants, claims, and factual allegations Mr. Sylvest wishes to pursue in this action.

**SO ORDERED.**

Date: 8/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KIM LEO SYLVEST, JR.
273360
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marion County Sheriff
40 S. Alabama St.
Indianapolis, IN 46204